# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

**UNITED STATES OF AMERICA,** )

**VS.** )        2:07-cr-174-JHH-RRA

**RANDY O'NEAL MORTON, JR.** )

## MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

Movant was convicted after pleading guilty to a charge set forth in Count Two of a three count indictment which count charged him with distribution of 50 grams or more[1] of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1), **with a statutory minimum penalty** under 21 U.S.C. § 841(b)(1)(A) of incarceration for not less than ten years and up to life.[2] At sentencing the court found that the base offense level was 32, the total offense level was 29, the defendant's criminal history category was Category III and the advisory guideline custodial range was 120 months to 135 months. The low end

---

[1] The amount actually involved was 121.7 net grams of cocaine base.

[2] He was also charged in Count One with a related offense which was dismissed and in Count Three with a weapons violation under 18 U.S.C. § 922(g)(1), the concurrent sentence for which having no effect upon the Count Two sentence or the motion pending before the court.

of that range, 120 months, was the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) and became the low end of the guideline range pursuant to U.S.S.G. § 5G1.1(c).  On the motion of the government filed under 18 U.S.C. § 3553(e) (and under the guideline § 5K1.1), the court granted a reduction in the total offense level computed under the sentencing guidelines to a revised offense level of 23 which produced a revised guideline range of 57-71 months.  Based upon the government's motion under § 3553(e), the court imposed a custodial sentence under Count Two of 66 months.

On February 23, 2009 counsel for defendant filed a motion for reduction of the 66-month sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. #24) (commonly referred to as a crack amendment motion). Since the low end of movant's original guideline range was the 120 month statutory minimum sentence, the retroactive amendment to the sentencing guidelines that movant relies upon was inapplicable to defendant's sentence of 66 months imposed on the motion of the government under 18 U.S.C. § 3553(e).  *See U.S. v. Williams*, 549 F.3d 1337 (11th Cir. 2008).

A separate order will be entered denying the crack amendment motion.  The portion of movant's motion requesting further consideration based on *U.S. v. Booker*, 125 S.Ct. 738 (2005); *Kimbrough v. U.S.*, 128 S.Ct. 558 (2007), the factors at 18 U.S.C. § 3553(a), et. al will also be denied.  *See United States v.*

*Melvin,* __F.3d __, 2009 WL 236053 (11th Cir. Feb. 3, 2009); *United States v. Smith*, 2008 WL 4951793 (C.A. 11 (Fla)).  Movant's attention is directed to the notice concerning appeals set out below.

### NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  The court notes that movant was represented by retained counsel with regard to all prior proceedings and is  now represented by a separate retained counsel for the filing of subject motion.  If movant believes he is now unable to afford counsel, movant should file an application  to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) if he files notice of appeal from this ruling on the § 3582(c)(2)

motion[3]. The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

    **DONE** this the   4th   day of March, 2009.

                                           */s/ James H. Hancock*
                                      SENIOR UNITED STATES DISTRICT JUDGE

---

[3] This is to advise movant that the court views any such appeal as totally frivolous and hereby certifies that it would be frivolous. Any such motion will be promptly denied and the 11th Circuit Court of Appeals will be so notified.